## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

LETHERENE SMITH,

        Plaintiff,

v.                                                  Case No. 08-CV-750

MICHAEL ASTRUE, Commissioner,
Social Security Administration,

        Defendant.

_____

## ORDER

On August 25, 2009, the court, upon finding a number of errors with the decision of the administrative law judge ("ALJ") who concluded that the plaintiff was ineligible for disability insurance benefits ("DIB"), vacated the ALJ's decision and remanded the case back to the Social Security Administration for further proceedings. (Docket #19). On October 21, 2009, the plaintiff filed a motion for attorneys fees (Docket #21), in which the plaintiff argued that she is entitled to $2,909.00[1] in attorneys' fee under the Equal Access to Justice Act ("EAJA"). The defendant opposed the motion through its brief on November 12, 2009, contending, in relevant part, that the government's position in this case was "substantially

---

[1] The defendant objected to the amount of attorneys' fees requested by the plaintiff, arguing, in part, that the plaintiff had used the improper adjusted rate in calculating the fees. The defendant suggested that the proper fee amount would be $2,539.65. The plaintiff, in her reply brief, stated that she does not oppose the defendant's objection to the original fee amount, amending her fee petition to $2,539.65 plus the fees for time spent on the reply brief. With the additional fees spent on the reply brief, the fee petition is now for $2,954.63.

justified." (Docket #24). With the benefit of the parties briefs, the court addresses the motion for attorneys' fees.

EAJA provides, in relevant part, that a prevailing party is entitled to attorneys' fees only if "the position of the United States was not substantially justified." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of proving that its position had substantial justification. *Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994). Notably, a party is not entitled to attorneys' fees under the EAJA merely because that party was successful in the litigation at the district court. *Pierce v. Underwood*, 487 U.S. 552, 569, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1988). Rather, the government's position is substantially justified if it is "justified to a degree that could satisfy a reasonable person." *Id.* at 565-66. The Seventh Circuit has explained the substantial justification standard requires that the government's position have reasonable factual and legal bases, and there must be a reasonable connection between the facts and the legal theory. *Cunningham v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006); *see also Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004). The court is also guided by the opinion of then-district Judge Hamilton, who succinctly summarized the Seventh Circuit case law on the substantial justification standard as follows:

> "In general, . . . if the case for remand is strong and clear-cut, *Golembiewski* teaches that it will probably be an abuse of discretion to deny fees. If the case for remand is closer, and especially if it is focused primarily on an inadequate explanation of what might be a reasonable decision, *Cunningham* teaches that it will probably not be an abuse of discretion to deny fees."

-2-

*Purvis v. Barnhart*, No. 1:04-cv-2124 DFH VSS, 2006 U.S. Dist. LEXIS 84424, at *6 (S.D. Ind. Nov. 16, 2006).

In the August 25, 2009 order, the court found a number of errors with the ALJ's decision. First, the court stated that the ALJ failed to follow the Social Security regulations when the hearing officer discounted the opinion of the plaintiff's treating physician and failed to support the rejection of the treating physician with substantial evidence. Second, the court was "troubled" by the ALJ's assessment of Smith's credibility, as the ALJ's credibility evaluation was inaccurate, illogical, and undeveloped. Finally, the court found that, because of the errors with the ALJ's credibility assessment, the ALJ had not properly evaluated several of the claimant's ailments, including her struggles with migraine headaches and obesity. Ultimately, the court found that the ALJ's decision wholly lacked an adequate discussion of "why the opinions of Smith's treating physician should not be given controlling weight, and why Smith's testimony was not credible." (Docket #17).

The defendant contends that an award of attorney's fees in this case is improper, arguing that: (1) "rational records grounds" existed for the agency's position with regard to the rejection of the plaintiff's treating physician's opinion; and (2) the ALJ merely inadequately explained the agency's decision with regard to the remaining errors the court found. (Def's Resp. Br. 5). The court disagrees and finds that the government's litigation position was not substantially justified.

-3-

With respect to the ALJ's evaluation of the plaintiff's treating physician, the court notes that much of the government's brief is devoted to citations of evidence in the record that supports the ALJ's ultimate conclusion, but there is a dearth of citation to the actual decision of the ALJ.[2] The court finds that the government is engaging in post-hoc rationalization of the ALJ's decision which does not suffice to show that the government's position was substantially justified. *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002); *see also Jenkins v. Astrue*, 544 F.Supp.2d 736, 742 (N.D. Ind. 2008) ("[N]o amount of post-hoc rationalization by the Commissioner can render the government's position substantially justified.").

More importantly, the court's problem with the ALJ's decision with respect to his evaluation of the plaintiff's treating physician's opinion was not "inadequate articulation of reasoning." Rather, the court noted that the ALJ had committed an error of law by utterly ignoring the precedent set by the Seventh Circuit in *Moss v. Astrue*, 55 F.3d 556, 560 (7th Cir. 2009), which in turn cited the Social Security regulations that require a hearing officer to "consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of test performed, and the consistency and supportability of the physician's opinion" before rejecting a treating physician's opinion. (Docket #17 at 13) (citing to 20 C.F.R. § 494.1527(d)(2)). When an ALJ's decision violates a "clear and long

---

[2] For example, the defendant argues that Dr. Jankins, a physician who examined the plaintiff in June of 2005, "did not note any edema" and was the "last examining doctor" to make an evaluation of the claimant. (Def.'s Resp. Br. 5). Such an explanation of the reasons for favoring Dr. Jankins' opinion was entirely absent from the ALJ's decision.

-4-

judicial precedent," a finding against substantial justification is warranted. *Golembiewski*, 382 F.3d at 724; *see also Cornella v. Schweiker*, 728 F.2d 978, 985 (8th Cir. 1984) ("It was not reasonable for the Secretary to ignore her own regulations.").

Moreover, the reasons provided by the ALJ for rejecting the claimant's treating physician's opinion were almost entirely false. The ALJ had stated that the doctor's opinion was contradicted by the claimant's testimony that she could sit for two hours at a time; the plaintiff, however, had never made such an assertion. Moreover, the ALJ argued that: (1) the doctor never advised the claimant to elevate her legs; and (2) no leg swelling was ever noted after a consultation; however, the medical records reflected multiple references to lower extremity swelling and edema. In short, the ALJ's decision with respect to the weight given to the treating physician was not merely a failure to adequately explain his findings; the ALJ's decision relied on blanket statements that were easily contradicted by the record, warranting a finding that the government's litigation position was not substantially justified. *Townsend v. Barnhart*, 69 Fed. Appx. 797, 800 (7th Cir. 2003) (holding that when an ALJ's decision is "directly contradicted" by the evidence in the record, the Commissioner's position was not substantially justified).

The court also finds that the errors related to the ALJ's credibility evaluation were serious in nature, warranting awarding the fee petition. The ALJ asserted that the plaintiff's testimony was incredible because the claimant treated her impairments

-5-

infrequently. As the court noted in its earlier order, the ALJ's contention was belied by the record which showed that the plaintiff visited the doctor nearly thirty times in a three year period to treat her ailments. Moreover, the ALJ failed to even consider the fact that the claimant failed to follow-up on referrals and recommendations because of a lack of insurance to cover the needed treatments. The ALJ also found the plaintiff's claims regarding her ailments to be unbelievable because of the daily activities she engaged in, such as cooking. However, the ALJ did not even attempt to reconcile his findings with the testimony that the plaintiff's daily activities were actually rather meager in nature.[3] The ALJ's sparse discussion of the plaintiff's credibility went beyond a mere error in articulation, as the hearing officer ignored critical evidence that contradicted the credibility determination, justifying finding that the government's position was not substantially justified. *Hill v. Astrue*, No. 07-CV-0405, 2009 U.S. Dist. LEXIS 12964, at *7 (E.D. Wis. Feb. 2, 2009).

The ALJ's errors with respect to both its evaluation of the plaintiff's treating physician's opinion and the plaintiff's credibility convince this court that the government's position was not substantially justified. The court will grant the plaintiff's motion for EAJA fees. The court will also grant the plaintiff's request for additional fees involving the preparation of the responsive brief.

Accordingly,

---

[3] The record indicated that the plaintiff's cooking consisted of making TV dinners and sandwiches. (Tr. 378-79).

-6-

Case 2:08-cv-00750-JPS   Filed 07/20/10   Page 6 of 7   Document 23

**IT IS ORDERED** that the plaintiff's motion for attorney's fee (Docket #19) be and the same is hereby **GRANTED**; the defendant shall pay the plaintiff's attorneys' fees in the amount of $2,954.63 directly to plaintiff's counsel, David G. Dreis, pursuant to the fee agreement filed with the court.

Dated at Milwaukee, Wisconsin, this 20th day of July, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge